IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICK OTIS NELSON, | ) | Case No. 2:09-cv-00140-MSB |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, S. C. PECK, D. K. SISTO, SINGH, M. CHIRILA, PICCO, WIFL, K. PANLY, R. KNUDSEN, and JOHN DOES 1-100, | ) | |
| Defendants. | ) | |

    This case was reassigned to the undersigned judge. (Dkt. #5). Plaintiff Patrick Nelson, who is confined in the California State Prison, Solano, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. #1). After reviewing Nelson's Application to Proceed *In Forma Pauperis* and screening Nelson's Complaint pursuant to 28 U.S.C. § 1915A, the Court will grant Nelson's request to proceed *in forma pauperis*, order Defendant Peck to answer Count 1 of the Complaint, dismiss Counts 2 and 3 without prejudice, and grant Nelson leave to file an amended complaint within forty-five (45) days of the date of this Order.

**I.    Application to Proceed In Forma Pauperis**

    Nelson requests leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Dkt. #4). Nelson has made the showing required by § 1915(a)(1),(2) and his request to

proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Nelson is obligated to pay the statutory filing fee of $350.00 for this action. An initial partial filing fee will not be assessed, as Nelson's average monthly deposit is $0.00. Nelson is required to make monthly payments of twenty percent of the preceding month's income credited to Nelson's trust account, if any. By separate order, the Court will direct the California Department of Corrections to collect these payments and forward them to the Clerk of the Court each time the amount in Nelson's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.    Statutory Screening of Prisoner's Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**III.    Complaint**

Nelson sets forth three counts for relief in his Complaint: (1) "attempted murder" (2) "perjury/forgery/falsification of official documents," and (3) destruction of evidence. (Dkt. #1).

42 U.S.C. § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995); *Demery v. Kupperman*, 735 F.2d 1139, 1146 (9th Cir. 1984). Thus, the Court will construe Nelson's claim for attempted murder as a claim for threat to his health and safety under the Eighth Amendment. The Court will construe Nelson's second and third counts as claims for violations of the Due Process Clause of the Fourteenth Amendment.

**IV.    Claims for Which an Answer Will Be Required**

To state a valid claim for relief under § 1983, a plaintiff must allege that he suffered a specific injury as a result of a defendant's specific conduct and show an affirmative link between the injury and that defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A. Pleading Standard

Pro se pleadings are to be liberally construed. *Hains v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, a pro se plaintiff must satisfy the pleading standard set forth in the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). In addition,"[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B. Eighth Amendment

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968)).

To state a claim against a prison official under the Eighth Amendment, a prisoner must met two requirements: (1) an objective requirement that "the deprivation alleged . . . be "'sufficiently serious,'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), and (2) a subjective requirement that the "prison official [ ] have a 'sufficiently culpable state of mind,' *id.* (quoting *Wilson*, 501 U.S. at 298). The objective requirement is met where the prison official's act or omission results in "the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The subjective requirement is met where the prison official acts with "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at

302-03). A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Here, Nelson alleges that prison officials at CSP-Solano, specifically Defendant Peck, "tried to force Plaintiff to cross a work strike picket line, knowing full well anyone who crossed the line would be brutally assaulted or killed for doing so." (Dkt. #1 at A). Nelson states that Peck tried to force him to cross the picket line; he did not cross, and he does not allege any physical injury. Physical injury, however, though relevant to the type of remedy available, is not required to satisfy the objective requirement. *See Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003) (holding that a prisoner may seek nominal and punitive damages for an Eighth Amendment violation involving no physical injury); *Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002) (holding that 42 U.S.C. § 1997e(e) does not limit availability of nominal and punitive damages for Eighth Amendment claims) *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001) (rejecting the government's argument that the mere risk of harm is insufficient to establish the objective component of an Eighth Amendment violation). Trying to place a prisoner into a situation that allegedly involves the threat of being brutally assaulted, and perhaps killed, appears to be sufficiently serious to meet the objective requirement. In such a situation, the prisoner may be said to be "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

With respect to the subjective requirement, Nelson alleges that Peck tried to coerce him to cross the picket line, knowing full well that every inmate who previously crossed the picket line had been assaulted. (Dkt. #1 at A). In other words, Nelson alleges that Peck knew of and disregarded an excessive risk to Nelson's safety when he ordered Nelson to cross the picket line, which is sufficient to meet the subjective requirement. Accordingly,

Nelson's allegations appear to be sufficient to state a claim for relief against Peck under the Eighth Amendment.[1]

**V.     Failure to State a Claim**

In his second and third claims, Nelson alleges that his disciplinary proceeding was "fraudulent." (Dkt. #1 at B). Specifically, Nelson alleges that (1) his work supervisor's signature was forged on a Rules Violation Report, (2) Defendant Chirila "rendered false statements & information on the Rules Violation Report," (3) Defendants Sisto and Murphy (as well as "C/O Cooney") failed "to investigate and verify the facts and statements made," and (4) prison officials prevented him from calling his work supervisor as a witness during his disciplinary hearing. (*Id.* at B-C). Nelson also alleges that prison officials destroyed documentary evidence that Plaintiff had submitted in response to the Rules Violation Report. (*Id.* at D).

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When a prisoner faces disciplinary charges, prison officials must provide the prisoner with, among other things, an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security. *Id.* at 566. Here, Nelson alleges that he was prevented from presenting documentary evidence and calling a certain witness at his disciplinary hearing.

Nevertheless, "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of

---

[1] When, as here, a prisoner seeks damages against multiple defendants, the "inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Nelson mentions only Peck; he fails to allege the requisite causal connection between the other named defendants and any Eighth Amendment violation. The Court therefore will dismiss the other defendants from this claim.

confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (citing *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994)). "§ 1983 remains available for procedural challenges [only] where success in the action would not necessarily spell immediate or speedier release for the prisoner." *Id.* at 81; *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (applying *Heck* to a prison disciplinary hearing where good-time credits were affected).

In this case, Nelson seeks to "have all records of [his disciplinary proceeding] removed" and to be awarded monetary damages as a result of the defendants' conduct "that allowed unlawful punishment," i.e., the forfeiture of 30 days of Nelson's good-time credits. (Dkt. #1). In other words, Nelson seeks to establish the invalidity of his disciplinary proceeding in order to have his good-time credits reinstated. But "[t]he principal procedural defect[s] complained of by [Nelson–that the hearing officer committed perjury, falsified documents, and destroyed evidence–] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." *Balisok*, 520 U.S. at 646 (holding that a prisoner's "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"). Success for Nelson does not mean a new disciplinary hearing at which he once again may be found guilty of a rules violation, resulting in the forfeiture of 30 days good-time credit. *See Wilkinson*, 544 U.S. at 82 (prisoner's claim was not barred when success meant "at most a new parole hearing at which [state] parole authorities may, in their discretion, decline to shorten his prison term"); *see also Preiser v. Rodriguez*, 411 U.S. 475, 487-488 (1973) (prisoners can not attack the constitutionality of prison disciplinary proceedings that led to the deprivation of good-time credits under section 1983 because such an action "in effect demands immediate release or a shorter period of detention"). Thus, Nelson's claims concerning the denial of due process during his prison disciplinary proceeding are

barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] Nelson's "sole federal remedy is a writ of habeas corpus." *See Preiser*, 411 U.S. at 500; *see also Muhammad v. Close*, 540 U.S. 749, 751, 124 S. Ct. 1303 (2004) ("[W]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.") (citing *Heck*, 512 U.S. at 477).

## VI.   Warnings

### A.   Address Changes

Nelson must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Nelson must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.   Copies

Nelson must submit an additional copy of every filing for use by the Court. *See* LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.   Possible Dismissal

If Nelson fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**Accordingly,**

**IT IS HEREBY ORDERED THAT:**

---

[2] A "prisoner's claim for an injunction barring *future* unconstitutional procedures," on the other hand, is not so barred. *Wilkinson*, 544 U.S. at 81; *Balisok*, 520 U.S. at 648. Nelson's complaint, however, does not seek an injunction to prevent future violations of due process.

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2) Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action pursuant to 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this Court's order to the California Department of Corrections, which will be filed concurrently with this Order.

(3) Defendant Peck shall answer Count 1 of the Complaint.

(4) Counts 2 and 3 are dismissed without prejudice.

(5) Plaintiff is granted leave to amend his complaint to state a claim for prospective injunctive relief to prevent future violations of due process. Within forty-five (45) days of the date of this Order, Plaintiff may submit an amended complaint on the form provided with this Order. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the original Complaint by reference. An amended complaint entirely supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat an original complaint has nonexistent. *Id.* Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

(6) The Clerk of the Court shall send Plaintiff a Prisoner Complaint form along with this order.

(7) The Clerk of the Court shall send Plaintiff a service packet including the Complaint (Dkt. #1), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendant Peck.

(8) Within **30 days** of the date of filing of this Order, Plaintiff shall complete and return to the Clerk of the Court the Notice of Submission of Documents. Plaintiff shall submit with the Notice of Submission of Documents: a copy of the Complaint for Defendant

1  Peck, a copy of this Order for Defendant Peck, a completed summons for Defendant Peck,
2  and a completed USM-285 for Defendant Peck.

3       (9)   Plaintiff shall not attempt service on Defendant Peck and must not request
4  waiver of service. Once the Clerk of the Court has received the Notice of Submission of
5  Documents and the required documents, the Court will direct the United States Marshal to
6  seek waiver of service from Defendant Peck or serve him.

7       (10)  **If Plaintiff fails to return the Notice of Submission of Documents and the**
8  **required documents within 30 days of the date of filing of this Order, the Clerk of the**
9  **Court shall, without further notice, enter a judgment of dismissal of this action without**
10 **prejudice.** See **Fed. R. Civ. P. 41(b).**

12       DATED this 23rd day of November, 2009.

14              /s/ Marsha S. Berzon
                MARSHA S. BERZON
15              United States Circuit Judge, sitting by designation

- 9 -