IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK OTIS NELSON, ) | Case No. 2:09-cv-00140-MSB |
| )Plaintiff, ) | **ORDER** |
| )vs. ) | |
| )CALIFORNIA DEPARTMENT OF )CORRECTIONS, S. C. PECK, D. K. )SISTO, SINGH, M. CHIRILA, PICCO, )WIFL, K. PANLY, R. KNUDSEN, and )JOHN DOES 1-100, ) )Defendants. ) ) | |

Patrick Nelson is a California state prisoner proceeding *pro se* with an action under 42 U.S.C. § 1983. (Dkt. #1). On November 24, 2009, the Court screened Nelson's complaint pursuant to 28 U.S.C. § 1915A, ordering Defendant Peck to answer Count 1 of the complaint and dismissing without prejudice the remaining counts and defendants. (Dkt. #6). The Court also granted Nelson leave to file an amended complaint. (*Id.* at 8). Nelson now moves the Court to appoint counsel to represent him pursuant to 28 U.S.C. § 1915(e)(1).[1]  (Dkt. #8).

---

[1] On December 21, 2009, Nelson filed a "notice" stating that he has been denied access to the law library since December 1, 2009 and was denied access to his "legal material" from December 1 to December 17, because he has "been placed in administrative segregation pending ICC review of [his] allegation of unnecessary force . . . ." (Dkt. #10). It is unclear whether Nelson is requesting additional time to file an amended complaint pursuant to, and in compliance with, the Court's November 24, 2009 order. If so, Nelson may file a motion

1    "[T]here is no constitutional right to appointed counsel for § 1983 claims . . . ."
2    *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (citation omitted).
3    Nonetheless, 28 U.S.C. § 1915(e)(1) "confers on a district court the discretion to
4    designate counsel to represent an indigent civil litigant" upon a finding of "exceptional
5    circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quotation
6    omitted). "A finding of exceptional circumstances requires an evaluation of both the
7    likelihood of success on the merits [and] the ability of the petitioner to articulate his
8    claims pro se in light of the complexity of the legal issues involved. Neither of these
9    issues is dispositive and both must be viewed together before reaching a decision." *Id.*
10   (internal quotation omitted).

11   Nelson contends that appointment of counsel is warranted in this case because (1)
12   "[c]ounsel is needed to marshal and compile the multifarious motions etc . . . correlative
13   with the instant action," (2) "[c]ounsel is needed to conduct discovery in this complex
14   case, secure expert witness testimony and respond to the various lodgements proffered by
15   the defendants," and (3) Nelson "has no formal education." (Dkt. #8 at 1-2). The need
16   for investigation and expert testimony alone, however, does not warrant a finding of
17   exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997)
18   (denying plaintiff's motion to appointment of counsel despite the fact that "had he had the
19   assistance of counsel during the early stages of the proceedings, he may well have fared
20   better-particularly in the realms of discovery and the securing of expert testimony"),
21   *partially overruled on other grounds by* 154 F.3d 952 (9th Cir. 1998) (en banc).
22   Additionally, Nelson has not has not made the requisite showing of probable success on
23   the merits and an inability to articulate his claims *pro se* in light of the complexity of the
24   legal issues involved in this case. Moreover, the Court concludes that it is appropriate to
25   receive Defendant Peck's Answer to Nelson's Complaint, and resolve any potential
26
27
28   for extension of time to file an amended complaint, requesting additional time to amend his complaint and setting forth the reason(s) why Nelson was unable to timely comply with the Court's November 24 order.

1  preliminary motions, prior to considering appointment of counsel.  Therefore, Nelson's
2  motion will be denied without prejudice.  Nelson may renew his request for appointment
3  of counsel after Defendant Peck has filed his Answer and any preliminary motions have
4  been resolved.
5       **Accordingly,**
6       **IT IS HEREBY ORDERED** that Plaintiff's motion to appoint counsel is denied
7  without prejudice.  (Dkt. #8).
8
9       DATED this 5th day of April, 2010.
10
11                         /s/ Marsha S. Berzon
                           MARSHA S. BERZON
12                         United States Circuit Judge, sitting by designation