**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PATRICK OTIS NELSON, | ) | No. CV 2:09-cv-00140-MSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| S.C. PECK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Patrick Nelson is a California state prisoner proceeding *pro se* and *in forma pauperis* with an action under 42 U.S.C. § 1983.  (Dkt. #1).  On November 24, 2009, the Court screened Nelson's complaint pursuant to 28 U.S.C. § 1915A, ordering Defendant Peck to answer Count 1 of the complaint and dismissing without prejudice the remaining counts and defendants.  (Dkt. #6).  On December 9, 2009, Nelson moved the Court to appoint counsel to represent him pursuant to 28 U.S.C. § 1915(e)(1).  (Dkt. #8). The Court denied that request, explaining that Nelson had not shown that his needs and the merits of this case constituted the kind of "exceptional circumstances" necessary to grant his request for the appointment of counsel.  (Dkt. #12 at 2).  The denial, however, was without prejudice, and the Court informed Nelson that he could renew his motion after Defendant Peck filed his Answer and any preliminary motions were resolved.  (*Id.* at 3).

1    Now pending before the Court is Nelson's renewed motion for the appointment of
2    counsel.  (Dkt. #21).[1]  As the Court has previously explained, "there is no constitutional
3    right to appointed counsel for § 1983 claims."  *Storseth v. Spellman*, 654 F.2d 1349, 1353
4    (9th Cir. 1981) (citation omitted).  Nonetheless,  28 U.S.C. § 1915(e)(1) "confers on a
5    district court the discretion to designate counsel to represent an indigent civil litigant"
6    upon a finding of  "exceptional circumstances."  *Wilborn v. Escalderon*, 789 F.2d 1328,
7    1331 (9th Cir. 1986) (quotation omitted).  "A finding of exceptional circumstances
8    requires an evaluation of both the likelihood of success on the merits [and] the ability of
9    the petitioner to articulate his claims pro se in light of the complexity of the legal issues
10   involved.  Neither of these issues is dispositive and both must be viewed together before
11   reaching a decision."  *Id.* (internal quotation omitted).

12   As justification for the appointment of counsel, Nelson's motion repeats many of
13   the same grounds contained in his previous motion, including that he needs the assistance
14   of counsel to conduct discovery, to secure expert witnesses, and to respond to motions.
15   (Dkt. #21 at 1–2).  Nelson also reiterates that he lacks formal education and training in the
16   law.  (*Id.* at 1).  Although the Court appreciates that prosecuting a case *pro se* is difficult,
17   and that the assistance of counsel would likely benefit Nelson, he has not made the
18   requisite showing of probable success on the merits or that he is unable to articulate his
19   claims *pro se* due to the complexity of his case.  *See Rand v. Rowland*, 113 F.3d 1520,
20   1525 (9th Cir. 1997) (denying plaintiff's motion to appointment of counsel despite the
21   fact that "had he had the assistance of counsel during the early stages of the proceedings,
22   he may well have fared better-particularly in the realms of discovery and the securing of
23   expert testimony"), *partially overruled on other grounds by* 154 F.3d 952 (9th Cir. 1998)
24   (en banc).  In short, Nelson has not shown that "exceptional circumstances" justify the
25   appointment of counsel, and therefore his motion is denied.  *Wilborn*, 789 F.2d at 1331.
26   Nelson may renew his motion for the appointment of counsel after any preliminary
27
28        [1]Defendant Peck has filed his Answer (Dkt. #19), but no preliminary motions have
been made.

- 2 -

1   motions are resolved, but the Court emphasizes that it cannot appoint counsel unless

2   Nelson demonstrates a substantial likelihood that he is likely to succeed on the merits of

3   his claim and that he is unable to prosecute the case because the legal issues involved are

4   too complex.

5       **Accordingly,**

6       **IT IS HEREBY ORDERED** that Plaintiff's motion to appoint counsel is denied

7   without prejudice.  (Dkt. #21).

8

9       DATED this 31st day of March, 2011.

10

11                   /s/ Marsha S. Berzon
                         MARSHA S. BERZON

12                    United States Circuit Judge, sitting by designation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28